UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL J. ENNIS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0558 AS |
| | ) | |
| JOHN R. VANNATTA, | ) | |
| | ) | |
| Respondent | ) | |

**OPINION AND ORDER**

*Pro se* petitioner, Michael Ennis, an inmate at the Miami Correctional Facility in Westville, Indiana, was charged with possession of contraband, making threats, interfering with a staff member, abusive language, and disobeying a direct order. Mr. Ennis petitioned for relief under 28 U.S.C. § 2254. The Response filed on behalf of the respondent by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). In its response, the Attorney General of Indiana has submitted the administrative record including documents designated A through D, which set out the underlying procedures in this conduct adjustment board (CAB) proceeding. The petitioner filed a traverse.

**Relevant Facts**

On July 21, 2003, Mr. Ennis was notified that he was being charged with several jail violations. He refused to sign the Notice of Jail Rule Violation form. On July 22, 2003, a hearing was held. According to the report Mr. Ennis admitted to making threats, and was found guilty of making threats as well as the other charges. The sanction imposed was 14 days in lockdown, and 30

day earned credit time loss. Mr. Ennis never appealed to the facility head, nor did he appeal to the final reviewing authority.

The respondent argues that Mr. Ennis is not entitled to a writ of habeas corpus because he failed to appeal to either the facility head or the final reviewing authority. Mr. Ennis filed a traverse, but does not dispute the fact that he did not appeal, or that there were no appeal procedures available. As indicated by the declarations of Harold Vincent of the Howard County Sheriff's Office, and Amy Clark of the Indiana Department of Corrections, there were appeal procedures available but there is no record that any appeal was ever filed. Under *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992) and *Ping v. McBride*, 888 F.Supp. 917 (N.D. Ind. 1993), as a prerequisite to seeking relief under §2254, all available state remedies must be exhausted. Because Mr. Ennis failed to do so in a timely manner, he has procedurally defaulted his claims in this court.

## CONCLUSION

For these reasons Roberts's petition for relief under 28 U.S.C. § 2254 is **DENIED.**

**IT IS SO ORDERED**.

**DATED:** June 21 , 2006

                                                  S/ ALLEN SHARP
                                          **ALLEN SHARP, JUDGE**
                                          **UNITED STATES DISTRICT COURT**